JOHN TELFORD *et al.* Administrators, etc.

*v.*

SUSANNAH BOGGS.

WIDOW—*election to take other property in lieu of specific articles allowed her.* In this case the specific property given by statute to the widow of a deceased person was regularly appraised, together with the other property of the estate, and she executed a written relinquishment as to such allowance and elected to take other property, equal in value thereto, at its appraised value, which she received. After the sale of the property relinquished she sued the administrator for a larger allowance, and recovered : *Held,* that there was no basis in law for the recovery, the proceedings under which the personal property was set apart to the widow being regular, and the evidence failing to impeach the conduct of the appraisers or administrator for fraud, and thatshe was concluded by her election.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. B. B. SMITH, for the appellants.

Mr. R. W. CARPENTER, Mr. D. C. JONES, and Mr. JOHN B. KAGY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

Spruce A. Boggs died intestate in Marion county, leaving real and personal estate. Appellee is his widow, and appellants administrators of the estate. Under the act of the general assembly, approved February 11, 1847, (see Laws 1847, p. 168,) the appraisers appointed by the probate court listed in due form all the specific articles and items mentioned in the first section of that act, appraised the same, placing the valuation in an appropriate column, opposite the article or

item specified. The whole appraisement of personal property, including that to be set apart for the widow, being completed, the papers were left by the administrators with the widow for some three or four days, when she executed an instrument, under her hand and seal, which embodied the specified articles, etc., and their appraised value and amounts, and declaring that she thereby relinquished all claim to the articles mentioned in the appraisers' estimate of specific property allowed her for herself and family, the aggregate value of which, as estimated, is $388.75, and, in lieu of the same, she desired to retain the following articles named in the "appraisement bill of personal property" of said S. A. Boggs, deceased, viz: Then followed a list of the articles, with the value affixed by the appraisers.

The last mentioned property was set apart for the widow and she retained it. But after the lapse of some months, and after the other personal property was sold by the administrators, the widow summoned them to appear in the probate court, and claimed a larger allowance. The case was heard and the proceeding dismissed, whereupon she appealed to the circuit court of Marion county. There the case was tried before a jury, who returned a verdict in her favor for $350, upon which the court, overruling a motion for new trial, gave judgment, and the administrators bring the case to this court by appeal.

There is no basis in law for this recovery. The proceeding, under which certain personal property was set apart for appellee, as widow, was entirely regular, and there is nothing in the evidence to impeach the conduct of either the appraisers or administrators.

The third section of the act above mentioned, provides that "the appraisers shall make out, and certify to the court of probate, an estimate of the value of each article of specific property herein allowed to the widow."

This was done. The fourth section then declares that "in case the widow shall desire to take other property, in lieu of

that above specified, she shall take the same at the value affixed by the appraisers."

She desired to take other property in lieu of that specified; was allowed to do so, at the value affixed by the appraisers, and has ever since retained it. In the absence of fraud, we must hold her concluded by the exercise of the option given by the statute.

The judgment of the court below is reversed.

*Judgment reversed.*